IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY A. FRANKLIN, GINGER M. JACKSON, and KRISTINA A. JACKSON, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CHICK-FIL-A, INC., JEFF WEIBELT, )<br>AUBREY WEIBELT, L.M. TAYLOR, )<br>and CITY OF BIRMINGHAM, )<br>)<br>Defendants. ) | Civil Action Numbers<br>**2:03-cv-3348 -UWC**<br>**2:04-cv-0292-UWC**<br>**2:04-cv-0293-UWC** |

### MEMORANDUM OPINION ON DEFENDANTS'
### MOTIONS FOR SUMMARY JUDGMENT

Defendants Chick-fil-A Inc., Jeff Weibelt, Aubrey Weibelt, L. M. Taylor and the City of Birmingham ('the City") have moved for summary judgment (Docs. 59, 72, 80) in this case, brought under Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* ("Title III"), 42 U.S.C. §1983, and Alabama common law. The core of the Plaintiffs' claims is that they were treated differently because of the disability of Plaintiff Mary A. Franklin and her use of a service animal.

1

For the reasons which follow, the Court finds and concludes that Chick-fil-A and L.M. Taylor are entitled to summary judgment on all claims against them; that Jeff and Aubrey Weibelt are only entitled to summary judgment on the Plaintiffs' tort of outrage claim; and that the City is entitled to summary judgment on the Title III claim only. Otherwise, the motion is due to be denied.

I. **STATEMENT OF UNDISPUTED FACTS**[1]

Defendant Aubrey Wiebelt was the franchisee of the Chick-fil-A Restaurant located at the Century Plaza Mall in Birmingham, Alabama at the time at all material times.

On January 19, 1999, Aubrey Weibelt and Defendant Chick-fil-A Inc. entered into a Franchise Agreement (Agreement), memorializing the terms of operation and ownership of the Chick-fil-A Restaurant at the Century Plaza Mall. ("the Restaurant.") (Doc. 92, Ex. 16, Franchise Agreement.) The Agreement specifically states that Aubrey Weibelt and Chick-fil-A, Inc. are independent contractors. (Doc. 92, Ex. 16, Agreement at 17.) Moreover, the Agreement obligates Aubrey Weibelt to maintain certain minimum standards for the operation of the Restaurant. The standards and specifications relate to product quality,

---

[1] These "facts" are construed in a light most favorable to the Plaintiff. They may or may not be the actual facts to be adduced at trial.

sanitation and operation. (Agreement at 2.)   Over the years, representatives of Chick-fil-A, Inc. have inspected the Restaurant to insure that the standards were met; and they have advised Aubrey Weibelt on means of improving the efficiency and profitability of the Restaurant.  (Doc. 92, Ex. 12, A Weibelt Dep. at 15.) However, consistent with the Agreement, these representatives have not asserted control over the time, manner, or method of the day to day operations of the Restaurant.  Aubrey Weibelt was at all times in charge of the Restaurant's day to day operations  - including hiring, training and managing all Restaurant employees.  (Agreement 17.)

On December 20, 2001, Plaintiffs patronized the Restaurant.  At the time, Plaintiff Franklin ambulated by wheelchair; and she carried in her lap a small dog. "Taz." Franklin was also accompanied by Ginger Jackson, her daughter-in-law and her granddaughter, Kristina Jackson.  On that day, Jeff Weibelt was the on-duty manager at the Restaurant.

Franklin is disabled.  She has myasthenia gravis, lupus, rheumatoid arthritis, depression, chronic anxiety, migraine headaches, chronic pain, lumbar disk disease, insomnia, and fibromyalgia. (Doc. 92, Ex. 1, Franklin Dep. at 24-25, 106, 109, 205; Ex. 2, Riser Dep. at 7-8, 41-42, 48, 55, 57.)

After Plaintiffs had been seated and placed their orders, Jeff Weibelt

approached and informed them that because of health department guidelines, no pets were allowed in the Restaurant. Plaintiffs responded that the Taz's presence was necessary for medical reasons. They attempted in vain to show him the relevant documents identifying Taz as a service animal.

Jeff Weibelt then loudly insisted that the Plaintiffs leave the Restaurant. (Doc. 92, Ex. 1, Franklin Dep at 141, 143.) When they failed promptly to do so, he called the mall security and eventually the Birmingham Police Department, stationed in the Mall..

Defendant Birmingham Police Officer L. M. Taylor was dispatched to the Restaurant. When he approached the Plaintiffs, they explained Franklin's condition and showed him the papers designating Taz as a service animal. (Doc. 92, Ex. 13, Taylor Dep. 13-16.) Officer Taylor then explained Plaintiffs' position to Jeff Weibelt, but Weibelt persisted in his demand that Plaintiffs leave the Restaurant.

When Officer Taylor explained to the Plaintiffs that they could be arrested for trespassing if they did not leave the Restaurant, they left. (Doc. 92, Taylor Dep at 19.) Plaintiffs left the Restaurant only because of their fear of an imminent arrest by Officer Taylor.

The City has a policy of arresting for criminal trespass business invitees

who remain on the premises after the owner has warned them to leave.

## II.  APPLICABLE LEGAL STANDARDS

Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material fact and that, based upon the undisputed facts, the movant is entitled to judgment as a matter of law.  *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *see also* Fed. R. Civ. P. 56(c).

The party requesting summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which the moving party believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When ruling on a motion for summary judgment, the court must view the facts in a light most favorable to the non-moving party.  *See, e.g., Raney v. Vinson Guard Serv.*, 120 F.3d 1192, 1196 (11th Cir. 1997).  "The district court should 'resolve all reasonable doubts about the facts in favor of the non-movant' . . . and draw 'all justifiable inferences . . .  in his favor  . . . ." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437  (11th Cir. 1991).  "All doubts as

to the existence of a genuine issue of material fact must be resolved against the moving party." *See Hayden v. First Nat'l Bank of Mt. Pleasant*, 595 F.2d 994, 996-97 (5th Cir. 1979).  Evidence that is merely colorable, conclusory, or conjectural does not create a genuine issue of material fact.  *See, e.g.*, *Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988); *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989).

Under Alabama law, a franchiser can be held liable for the misconduct of its franchisee only if an employee relationship exists, or if it has control over the daily operations of the business. *Kennedy v. Western Sizzlin Corp.*, 857 So.2d 71, 77 (Ala. 2003).  The franchiser may specify minimum standards for the operation of the business, and monitor the operations to ensure compliance with these standards, without rendering itself vicariously liability for the torts of the franchisee. *Kennedy*, 857 So.2d at 77 (Ala. 2003).

Alabama recognizes the tort of "outrage, " or "intentional infliction of emotional distress." *American Road Service Company v. Inmon*, 394 So. 2d 364 (Ala. 1980).  The tort of outrage permits recovery where the defendant's conduct is so outrageous in character and extreme in degree so as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society. *Am. Road Serv. Co.,* 394 So. 2d at 365.  In order to prevail on a

tort of outrage claim, the plaintiff must prove that the defendant's conduct was (1) intentional or reckless; (2) extreme and outrageous; and (3) caused emotional distress so unreasonable that no person could be expected to endure it. *Id.*

The ADA's Title III only applies to those who own, lease or operate places of public accommodations. 42 U.S.C. §12182(a). To establish liability under this statute, a plaintiff must establish, *inter alia*, that the defendant either owned, leased, or operated a place of public accommodation. *See Pona v. Cecil Whittaker's Inc.,* 155 F.3d 1034, 1036 (8th Cir. 1998).

A municipality may be held liable for a violation of 42 U.S.C. §1983 only if it has a policy or custom which caused the deprivation of federal rights. *Monell v. Department of Social Services of the City of New York*, 98 S. Ct. 2018 (1978).

A law enforcement official may be entitled to a qualified immunity to claims brought under 42 U.S.C. §1983. *Saucier v. Katz*, 533 US 194, 121 S.Ct. 2151 (2001). To avoid this immunity, a plaintiff must prove 1) that the defendant violated a constitutional right; and 2) that the constitutional right was clearly established at the time of the defendant's violation. *Id; See. Hope v.Pelzer,* 536 U.S. 730, 122 S.Ct. 2508 (2002).

Section 6-5-338 of the Alabama Code affords immunity to law enforcement officials from tort liability arising from their performance of discretionary

functions in the scope of their authority.  ALA. CODE 6-5-338.  When the conduct made the basis of the state tort claim is based upon the official's exercise of judgment in the enforce-ment of the State's criminal laws, including, but not limited to, arresting or attempting to arrest persons, the official is shielded from tort liability by discretionary function immunity.  *Ex parte Duvall*, 782 So.2d 244, 247-248 (Ala. 2000).

## III.  ANALYSIS

A. Chick-fil-A, Inc's Motion For Summary Judgment

Since Aubrey Weibelt is an independent contractor with a Chick-fil-A franchise, and Chick-fil-A, Inc. is not in control of the daily operations of the Restaurant, Chick-fil-A is entitled to summary judgment.

B.  Jeff Weibelt and Aubrey Weibelt's
Motion for Summary Judgment

Genuinely disputed factual issues preclude summary judgment for these defendants on all of the Plaintiffs' claims against them, except one.

The Plaintiffs have failed to establish the degree of egregiousness required for the tort of outrage.  With the exception of this one claim, summary judgment for these Defendants will be denied.

C.  City of Birmingham and L.M. Taylor's

Motion for Summary Judgment

   1.  The Title III Disability Claims

Since neither the City of Birmingham nor Defendant L.M. Taylor is an owner, lessor, or operator of the Chick-fil-A Restaurant in Century Plaza Mall, they are entitled to summary judgment on the Plaintiff's Title III disability claims against them.

   2.  The Section 1983 and State Law Claims
      Against Defendant Taylor

Plaintiffs' Section 1983 and state law claims against Defendant Taylor will not lie because of his immunity to such claims under both federal law and state law.

Defendant Taylor has qualified immunity to the Plaintiffs' § 1983 claims because the Plaintiffs have not alleged, and there has not been a showing, that this Defendant violated one or more of their constitutional rights. Thus, the first prong of the standard is not met.

Moreover, Defendant Taylor has discretionary function immunity to the Plaintiffs' state law claims. When he threatened the arrest of the Plaintiffs for trespass, indubitably he was exercising judgment in the enforcement of Alabama's criminal laws. Under these circumstances, he is not liable to the state law claims.

Accordingly, Defendant Taylor's is entitled to judgment as a matter of law on the Plaintiffs' § 1983 claims as well as their state law claims against him.

3. The Section 1983 Claims Against the City

Although it is undisputed that the City has a policy of arresting business invitees after the property owner has warned them to leave the business premises, there has been no showing that the City's policy is aimed at disabled persons. The City is therefore entitled to summary judgment on this claim.

A separate order will issue, consistent with the conclusions embodied in this Memorandum Opinion.

Done the 17th day of March, 2006.

_____
U.W. Clemon
Chief United States District Judge